**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELWARE**

| | |
|---|---|
| DAVID JOSEPH O'KEEFE<br><br>Plaintiff,<br>v.<br><br>EAST VILLAGE HOSPITALITY, LLC,<br><br>Defendant. | C.A. No.: 26-00755-CFC |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, East Village Hospitality, LLC, by and through its undersigned counsel, responds to Plaintiff's Complaint for damages and injunctive relief as follows:

**SUMMARY OF THE ACTION**

1. Admitted in part, denied in part. It is only admitted that Plaintiff has brought this action under the Copyright Act, 17 U.S.C. § 106. It is specifically denied that Plaintiff has a right to recover in this action.

2. Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the within averments, and therefore the same are denied and strict proof thereof is demanded at the time of trial, if relevant.

3. Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the within averments, and therefore the same are denied and strict proof thereof is demanded at the time of trial, if relevant.

4. Admitted.

5. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

## **JURISDICTION AND VENUE**

6. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

7. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

8. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegation is specifically denied.

9. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

## **DEFENDANT**

10. Admitted in part, denied in part. It is only admitted that East Village Hospitality, LLC's principal place of business is at 1705 Coastal Hwy Dewey Beach, DE 19971 and its Registered Agent, The First State Registered Agent Company, 1925 Lovering Ave., Wilmington, DE, 19806. The remaining allegations are denied.

## THE COPYRIGHTED WORK AT ISSUE

11. Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the within averments, and therefore the same are denied and strict proof thereof is demanded at the time of trial, if relevant.

## THE COPYRIGHTED WORK:

12. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

13. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

## INFRINGEMENT BY EVH

14. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

15. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

16. Admitted in part, denied in part. It is only admitted that the Work was the cover photo for their Webpage and can be seen on posts in connection with said page.

17. Admitted in part, denied in part. It is only admitted a sign was displayed outside its business. All other allegations are denied.

**INFRINGING USE IN EVH SIGN:**

18. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

19. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

20. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

21. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

22. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

23. Admitted in part, denied in part. It is only admitted that Plaintiff's purported action has not been resolved.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

24. Defendant incorporates the responses of paragraphs 1 through 23 of this Answer as if fully set forth herein.

25. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

26. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

27. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

28. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

29. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

30. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

31. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

32. Defendant incorporates the responses of paragraphs 1 through 23 of this Answer as if fully set forth herein.

33. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

34. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

35. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

36. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

37. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

38. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

39. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

## COUNT III
## ADDITION OF FALE COPYRIGHT MANAGEMENT INFORMATION

40. Defendant incorporates the responses of paragraphs 1 through 23 of this Answer as if fully set forth herein.

41. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

42. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

43. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

44. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

45. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

46. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

47. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

48. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

49. Denied as a legal conclusion to which no response is required. To the extent a response is required, the allegations are specifically denied.

## ANSWER TO PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the requested relief and denies any allegations contained in the Prayer for Relief.

## ANSWER TO JURY DEMAND

This paragraph sets forth Plaintiff's Jury Demand to which no response is required. To the extent a response is required, Defendant denies any allegations contained in the Jury Demand.

**AFFIRMATIVE DEFENSES**

Without admitting any facts alleged by Plaintiff, Defendant pleads the following separate and affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim against Defendant on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred by the fair use doctrine.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's conduct was innocent, non-infringing, lawful, and not a willful infringement of the Copyright Act or Digital Millennium Copyright Act.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the statute of limitations set forth in Section 507 of the Copyright Act, 17 U.S.C. § 507.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred since critical parts or portions of their alleged protected copyrights are invalid due to consisting of un-protectable idea(s) or processes.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred since critical parts or portions of their alleged protected copyright is invalid.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not the owner of the copyright at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the merger doctrine.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the scènes à faire doctrine.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages and injunctive relief are limited or barred, in whole or in part, by the doctrine of laches because Plaintiff unreasonably delayed filing of this action since learning of Defendant's alleged infringement.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, under principles of equity, including without limitation waiver, estoppel, acquiescence, and unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show it has suffered or will suffer any irreparable harm from Defendant's actions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for copyright infringement is barred by the doctrine of forfeiture.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exercise reasonable diligence to mitigate their alleged injuries, including by failing to timely assert their takedown notice rights under the DMCA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail because its asserted copyright management information ("CMI") does not constitute CMI, 17 U.S.C. § 1202(c).

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail because at all material times, Defendant lacked the required state of mind to give rise to such claims.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to avail himself of the remedies provided by the Digital Millennium Copyright Act, including but not limited to issuing proper takedown notices.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail because Defendant did not remove any purported copyright management information ("CMI"), 17 U.S.C. § 1202(c).

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the first sale doctrine under 17 U.S.C. § 109.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff’s claims are barred by the doctrine of *de minimis* use because any copying or display of the Work was trivial in nature, limited in duration, and not substantial enough to constitute actionable infringement.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims under 17 U.S.C. § 1202 are barred because Defendant acted with a good faith belief that its use of the Work was lawful and did not involve the removal, alteration, or addition of copyright management information. Defendant lacked the requisite knowledge and intent to induce, enable, facilitate, or conceal infringement.

**RESERVATION OF RIGHT TO AMEND**

Defendant reserves the right to supplement or amend this Answer, including the addition of further defenses, based upon the course of discovery and proceedings in this action.

**PRAYER FOR RELIEF**

**WHEREFORE,** Defendant denied that Plaintiff is entitled to the relief requested, prays for judgment in its favor and against Plaintiff, and that the Court provide such further relief as it deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant respectfully requests a trial by jury on all claims and counterclaims.

Respectfully submitted,

**MARGOLIS EDELSTEIN**
*/s/ George B. Codding II*
George B. Codding II (Bar ID 5999)
300 Delaware Ave. Ste. 800
Wilmington, DE 19801
Tel: 302.888.1112
gcodding@margolisedelstein.com

**MARGOLIS EDELSTEIN**
David I. Singh (*Admitted Pro Hac Vice*)
Samuel A. Robinson (*Admitted Pro Hac Vice*)
The Curtis Center
170 S. Independence Mall W.,
Suite 400E
Philadelphia, PA 19106
*Attorneys for Defendant*
*East Village Hospitality, LLC*

Date: August 26, 2026